BERTHA B. WENTWORTH, Respondent, v. JOSEPH A. DUFFY *et al.*, Appellants.

### St. Louis Court of Appeals, January 19, 1897.

1. **Contributory Negligence**: ORDINARY CARE: EVIDENCE: INFERENCE: DEMURRER: JURY QUESTION. In a suit for injuries sustained by plaintiff's falling into "a deep hole or ditch," between the sidewalk and her house, alleged to have been dug by defendants, without her knowledge or consent, and left open and unguarded,—*Held*, on a demurrer to the evidence: That where the undisputed evidence in a case is susceptible of two inferences; the one of the exercise of ordinary care, and the other of a tendency to show contributory negligence, on the part of plaintiff, it is a question for the jury, and a demurrer to the evidence is properly overruled. (*Threlkeld v. Wabash R'y Co.*, p. 131, *ante.*)

2. **Instruction.** An instruction, in such action, that if the jury found from the evidence that defendants "entered upon said premises, without the knowledge or consent of plaintiff, or her brother, or sister, and tore up the pavement," etc., they should find for plaintiff, was, in effect, to tell the jury that if the defendants entered the premises with the consent of any one of the persons named, plaintiff could not recover, and without prejudice to defendants who made no claim that any one, except plaintiff, had consented to the entry of the premises for the purpose of repairing the pavement, which, if correct, cast on plaintiff an additional burden of proving that the other persons had not consented thereto.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED; Judge BIGGS concurring, Judge BLAND not sitting.

*Frank A. C. MacManus* and *B. Schnurmacher* for appellant Duffy.

Under plaintiff's general instruction the jury were, in effect, told that before defendants had the right to

do the work in question, it was necessary to secure the consent of each one of the three persons named in the instruction. The use of the word "or" has been condemned as misleading. *Guenther v. R. R.*, 95 Mo. 286 (296).

A trial court may, with perfect propriety, assume, by its instructions to the jury, the affirmative of an issue of fact, which is established by uncontradicted evidence, but it is always error to do so where the evidence is conflicting. *Hartman v. Muehlbach*, 64 Mo. App. 573; *Fullerton v. Fordyce*, 121 Mo. 1; *Hall v. R. R.*, 74 *Id.* 302; *Barr v. Armstrong*, 56 *Id.* 589; *Caldwell v. Stephens*, 57 *Id.* 595; *Robertson v. Drain*, 100 *Id.* 273.

*A. R. Taylor* for respondent.

The mere statement of facts in this case precludes the contention that a demurrer to the evidence should have been sustained.

BOND, J.—This suit is for injuries sustained by falling in a "deep hole or ditch," between the sidewalk and plaintiff's house, alleged to have been dug by defendants and left open and unguarded without plaintiff's knowledge or consent. The answers are general denials and pleas of contributory negligence. Issue was joined by reply. Plaintiff had judgment of $1,500, from which defendants appealed.

Their first assignment of error is the overruling of their demurrers to the evidence interposed at the conclusion of the trial. The facts of this case are, that plaintiff, her brother and her sister, were the tenants of a house and lot number 3018, Cass avenue, being the middle building of a row of three buildings; that the house in question was situated nine or

CONTRIBUTORY negligence: ordinary care: evidence: inference: demurrer: jury question.

ten feet from the sidewalk of the street; that it was entered from the sidewalk by the ascent of four wooden steps, thence over a brick pavement about three feet wide and nine or ten feet long, terminating at four stone steps leading into the vestibule of the house. Plaintiff testifies that between 12 and 1 o'clock of November 2, 1893, she went to Calvary cemetery and returned just after dark—a little before 6 o'clock; that on her return the vehicle, in which she was riding, passed the door of her own house and stopped at the door of the adjoining house; that she got out and went up the steps of that house, and then across the yard to the front door of her own dwelling, there being only posts dividing the yards of the two houses. At this time she had not noticed that anything had been dug up in front of her own house; that she remained in the house for a while attending to some duties, and after supper went out with two of her nieces to take some jelly to a sister. There was evidence tending to show that during the afternoon and while plaintiff was absent, the brick pavement from the stone steps at the house to the wooden steps at the sidewalk had been removed by defendant Cavan under the employment of his codefendant Duffy, who was the agent of the owner of the premises occupied by plaintiff; and that close by the wooden steps a hole had been dug about a foot deep and three feet wide; that no covering or guard had been placed over or around this hole, and no light placed there. Plaintiff testifies that she was ignorant of these conditions when she and her nieces started from the house; that in passing from the bottom of the stone steps toward the sidewalk she realized that the bricks of the pavement had been removed; that she did not know that there was also a hole or ditch dug in the pavement near the wooden steps leading to the street; that while so walking and

in ignorance of the existence of such ditch or hole, she stepped into the same and fell over the wooden steps on the street, breaking one of her legs. She also testifies that the excavation on the premises was made without her knowledge or consent, and there was evidence tending to show that it was also done without the consent of her brother or sister.

It can not be said that the only legitimate inference arising from these facts is that the plaintiff was guilty of contributory negligence at the time of the happening of the accident. The evidence tends to show that her first knowledge of the removal of the brick pavement between the steps of her house and the steps leading into the street, was had when she placed her foot on the ground, from which the bricks had been removed. She might reasonably have presumed that nothing else had been done except the removal of the bricks and that a *level* surface between the two sets of steps remained. There was nothing in the fact that the bricks had been taken away which would tend to inform her that a hole or ditch over a foot in depth below the surface, left after the removal of the bricks, had been dug at the extremity of the way. Hence she might have continued her walk upon the assumption that she would pass thenceforward over a level surface. That she did this observing the care that was proper under the circumstances, is legitimately inferable under the foregoing facts.

Where the undisputed evidence in the record is susceptible of two inferences, the one consistent with the exercise of ordinary care, the other tending to show contributory negligence, the court must submit the question to the jury. *Threlkeld v. Wabash Railway*, reported at present term. The trial court did not err, therefore, in overruling defendant's demurrer to the evidence in this case.

The next assignment of error made in appellants' brief relates to the word "or" in an instruction given by the court at the request of respondent, INSTRUCTION. wherein the jury were told that if they found from the evidence "that on said day the defendant Cavan, under the employment of defendant Duffy, entered upon said premises without the knowledge and consent of the plaintiff, or her brother, or her sister, and tore up the pavement of said premises, and left a hole or ditch in the way from the front doorstep of said premises, and left the same unguarded and uncovered," and found other facts (as to which no complaint is made) they should find for plaintiff. Appellants totally misconceive the force of the disjunctives used in this instruction. The effect of the clause of the instruction in which they appeared was to tell the jury that if the defendants entered the premises with the consent of any one of the three persons enumerated, plaintiff could not recover. Appellants seem to have the erroneous idea that the clause in question meant that defendants must have had the knowledge and consent of all three of the persons mentioned in the instruction to prevent plaintiff's recovery. Moreover, if appellants are correct in the position taken in their brief in this court that no claim was made that anybody, except plaintiff, had consented to the entry on the premises for the purpose of repairing the pavement, then it is evident appellants are not prejudiced by an instruction which cast an *additional burden* on the plaintiff of showing that other persons had not consented to such work. It is evident that appellant's criticism of this instruction is based upon a misapprehension.

Finding no reversible error in this record, the judgment will be affirmed. Judge BIGGS concurs; Judge BLAND not sitting.